IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Beth Caggiano, | No. CV-19-05522-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff Lisa Caggiano's Motion for Award of Attorney Fees as Authorized by the Equal Access to Justice Act (the "Motion") (Doc. 26). The Motion is fully briefed. (Docs. 28, 29.) The Court will grant the Motion in part and award $9,358.23 in attorneys' fees.

**I.  BACKGROUND**

On November 19, 2020, the Court reversed the September 26, 2018 decision of the Administrative Law Judge ("ALJ") and remanded the matter for consideration of Plaintiff's Application for Disability Insurance Benefits. (Doc. 23.)[1] Judgment was entered the same

---

[1] At the briefing stage, Defendant Commissioner of Social Security Administration (the "Commissioner") admitted to reversible legal error in the ALJ's decision and engaged in "settlement discussions with Plaintiff in an attempt to file a joint motion for remand." (Doc. 28 at 2.) Plaintiff refused to stipulate to a remand for further proceedings. (*Id.*) Commissioner then filed an Answering Brief and Motion for Remand in this Court. (*Id.*) Plaintiff replied, opposing the Commissioner's Motion for Remand on grounds that the proper remedy "should be award for benefits 'without remanding the cause for rehearing.'" (Doc. 27 at 2.) The Court then issued its November 19, 2020 decision. (Doc. 23.)

day. (Doc. 24.) On February 17, 2021, Plaintiff filed the pending Motion and Memorandum in support thereof. (Docs. 26, 27.) Plaintiff's counsel seeks attorneys' fees in the amount of $10,064.68.[2] The Commissioner opposes the motion, arguing a $3,211.74 reduction of fees for approximately 15.5 hours of work is warranted. (Doc. 28.)

## II. LEGAL STANDARD

The Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412, "directs a court to award fees and other expenses to private parties who prevail in litigation against the United States if, *inter alia*, the Government's position was not 'substantially justified.'" *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990) (quoting 28 U.S.C. § 2412(d)(1)(A)). For purposes of the EAJA, the position of the United States refers to "both the government's litigation position and the underlying agency action giving rise to the civil action." *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). The EAJA directs courts to award attorneys' fees "to a prevailing plaintiff unless the government meets its burden to demonstrate that both its litigation position and the agency decision on review were substantially justified." *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (internal quotation marks and citations omitted).

Fees awarded under the EAJA must be reasonable. *See* 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). A reasonable fee does not include hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Id.* at 437. "[A] district court [retains] substantial discretion in fixing the amount of an EAJA award." *Jean*, 496 U.S. at 163. Courts generally "defer to the winning lawyer's professional judgment as to how much time he [or she] was required to spend on the case." *Moreno v. City of Sacramento*, 534

---

[2] Plaintiff initially sought $9,649.12 in attorneys' fees. (Doc. 26 at 2.) In her reply, Plaintiff amended the amount sought to $10,064.68 to reflect the additional hours expended to complete the briefing on this Motion. (Doc. 29 at 8.)

F.3d 1106, 1112 (9th Cir. 2008).

## III. DISCUSSION

Plaintiff is the prevailing party for purposes of the EAJA because she obtained an order from the Court remanding the case to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993) (holding that a claimant who obtains a reversal, with or without a remand, is a prevailing party under the EAJA). The parties agree that the underlying agency action—the ALJ decision—was not substantially justified. (*See* Doc. 28 at 2.) Therefore, the Court finds that granting attorneys' fees to Plaintiff under the EAJA is proper. *E.g.*, *Murrieta v. Comm'r of Soc. Sec. Admin.*, No. CV-19-04865, 2021 WL 1208980, at *4 (D. Ariz. Mar. 31, 2021) ("Here, the government has chosen not to argue that its position was substantially justified [], so the court must grant attorneys' fees.").

Because Plaintiff is entitled to attorneys' fees, the Court must assess the reasonableness of her request. Both the hourly rates and the hours expended must be reasonable for a plaintiff to be awarded his or her requested fees. *Hensley*, 461 U.S. at 433. Here, Plaintiff requests $10,064.68 in attorneys' fees for 48.5 hours of services rendered. (Doc. 27–2; Doc 29 at 8.) The Commissioner challenges only the hours expended; he does not object to the hourly rates. (Doc. 28 at 6.) The hourly rates are $205.25 for 2019, $207.78 for 2020, and $207.78 for 2021. (*See* Doc. 27–2 at 3.) The Court finds that the hourly rates are reasonable.

As to hours expended, the Commissioner first argues that "Plaintiff should not be entitled to recover 9.2 hours for her futile challenge to the Commissioner's Motion to Remand." (*Id.* at 3.) Second, the Commissioner asserts that the Court should deduct 4.6 hours for which Plaintiff "either redacted or provided no description" of the services performed, and 2.5 hours which represent duplicative time by "four separate lawyers." (*Id.* at 8–9.) Finally, the Commissioner argues that Plaintiff should not be entitled to recover additional fees for the time spent preparing this Motion. (*Id.* at 10.)

Courts consider the reasonableness of the hours billed in each case by closely examining the timesheet and reviewing the type of tasks billed alongside the amount of

time spent. *Heggem v. Colvin*, No. CV-13-02218, 2016 WL 4194527, at *2 (D. Ariz. Aug. 9, 2016). After reviewing Plaintiff's Itemization of Services (Doc. 27–2), the Court finds that the time expended by Plaintiff's counsel was reasonable, apart from the entries discussed in detail below.

### A. Plaintiff's Motion to Remand

"The key question in assessing whether [a plaintiff] can obtain fees for unsuccessfully challenging remand is whether [her] belief in her right to relief was reasonable." *Gutierrez v. Colvin*, No. CV-13-02168, 2015 WL 254642, at *1 (D. Ariz. Jan. 20, 2015). This is a fact intensive inquiry. *See, e.g.*, *Rogers v. Astrue*, No. 1:09-cv-02158, 2010 WL 4569058, at *3 (E.D. Cal. Nov. 3, 2010) (holding that a plaintiff could not have reasonably expected that the court would remand for an award of benefits considering the court's statement that it could not "provide meaningful review at this time"); *McLaurin v. Apfel*, 95 F. Supp. 2d 111, 116 (E.D.N.Y. 2000) (holding that a plaintiff's position against remand was not reasonable when the plaintiff "should have recognized that the conflicting evidence clearly warranted remand"). If a plaintiff's reason for opposing remand and seeking an alternative form of relief is "legally sound and not at all frivolous," the fact that the plaintiff did not prevail is not a basis for denying fees under the EAJA. *Penrod v. Apfel*, 54 F. Supp. 2d 961, 964 (D. Ariz. 1999).

The Commissioner argues that, "[g]iven the undisputable need to [re]evaluate the evidence, remand for further proceedings was the only appropriate remedy here, and Plaintiff's claims to the contrary were unreasonable." (Doc. 28 at 8.) Plaintiff responds, arguing that the "time spent opposing the Commissioner's remand request was legitimate and should be compensable." (Doc. 29 at 5.) Specifically, Plaintiff contends that her opposition to remand was reasonable because the Court "only held that remand might be useful" due to "'slight[] uncertainty' remain[ing] as to the outcome of the disability determination." (Doc. 27 at 9.) Plaintiff further asserts that the Commissioner's presented authority is "almost useless" to an analysis of reasonableness because this Court must determine whether the opposition "under the facts of *this* case was unreasonable, or

frivolous." (Doc. 29 at 4 (second emphasis omitted).) The Court finds Plaintiff's arguments persuasive.

Plaintiff's opposition to remand was reasonable because it was based on a genuine belief that an award of benefits could be obtained. In Plaintiff's view, clear material errors in the ALJ decision warranted a finding of disability. (*See* Doc. 22.) Plaintiff argued that the "unambiguous opinions from the treating neurologist and limitations in [her] symptom testimony . . . coupled with the vocational expert's unchallenged testimony that those limitations would preclude the ability to perform any sustained work, would require an ALJ to find Caggiano disabled." (*Id.* at 8.) That the Commissioner, and ultimately this Court, disagreed does not mean Plaintiff's position was unreasonable. *Penrod*, 54 F. Supp. 2d at 964 (holding that a plaintiff's preference for summary judgement over remand was legally sound and not frivolous when material errors were made during the administrative proceedings).

Moreover, "if by opposing a motion . . . to remand a case, a plaintiff could reasonably hope to obtain a remand order with significant specific directives guiding the review beyond those suggested by the Commissioner, the work associated with such an opposition [is] reasonably expended." *McLaurin*, 95 F. Supp. 2d at 117. Plaintiff argues, and the Court agrees, that the Court's order "provided guidance as to the ALJ's error" above what was elaborated in the Commissioner's Motion to Remand. (Doc. 27 at 8.) That is, Plaintiff received "a considerably more favorable remand than the Commissioner proposed" in addition to "guidance as to the errors to be redressed on remand." (Doc. 27 at 9.) The time spent opposing the Commissioner's Motion to Remand was therefore reasonably expended. Accordingly, the Court will not reduce the fee award on this basis.

**B. Redacted and Unexplained Billing Entries**

In determining reasonable hours, the plaintiff bears the burden of submitting detailed time records justifying the expended hours. *Hensley*, 461 U.S. at 433. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* If "the documentation of hours is inadequate, the district court may reduce

the award accordingly." *Id.* That said, counsel "is not required to record in great detail how each minute of his time was expended." *Id.* at 437 n.12. "Instead, plaintiff's counsel can meet his burden—although just barely—by simply listing his hours and 'identify[ing] the general subject matter of his time expenditures.'" *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000) (quoting *Hensley*, 461 U.S. at 437 n.12).

### 1. Redacted Entries

The Commissioner objects to several billing entries, arguing the entries "are impermissibly vague and fail to demonstrate how [certain] communications were necessary for the litigation." (Doc. 28 at 8.) The Commissioner contends that 3.4 hours should be deducted to account for billing entries that are redacted and contain no description of at-issue communications. (*Id.*) For example, Plaintiff's counsel billed 0.1 hours for "Email from Mr. Mitchell: [redacted]." (Doc 27–2 at 2.) In response, Plaintiff argues that the redacted information would not "be helpful in judging the time devoted to such matters" and that intra-office communications should not be disclosed to opposing counsel. (Doc. 29 at 6.) The Court agrees with the Plaintiff.

In *Democratic Party of Washington State v. Reed*, the Ninth Circuit found that redacted billing entries, such as "Counsel call to discuss [REDACTED]," were compensable. 388 F.3d 1281, 1286 (9th Cir. 2004). The appellate court held that plaintiffs are "entitled for good reason to considerable secrecy about what went on between client and counsel, and among counsel." *Id.* Courts in this district have followed this precedent. *E.g.*, *Murrieta*, 2021 WL 1208980 at *4 (awarding fees for emails between counsel despite "completely redacted" descriptions); *Albano v. Shea Homes Ltd. P'ship*, No. CV-07-2359, 2012 WL 4513614, at *7 (D. Ariz. Oct. 1, 2012) ("[R]edaction regarding certain time entries to protect attorney-client privileged communications is proper and does not warrant a fee reduction."). Although the Court is mindful that other courts have required plaintiffs to provide more information in their billing entries to meet their burden, this Court will follow the Ninth Circuit's precedent.

Having reviewed the redacted billing entries, the Court finds that Plaintiff's counsel

only redacted descriptions for entries related to intra-office communications. Plaintiff is entitled to protect this information. Thus, despite the redactions, the Court finds that Plaintiff has met her burden for the entries at issue.

### 2. Block-Billed Entries

The Commissioner also argues that 1.2 hours should be deducted from block-billed entries containing redacted information. (Doc. 28 at 9.) Because such redacted entries are generally compensable, as discussed above, the Court will not reduce the fee award based on the redactions, alone.

Plaintiff does, however, bear the burden of providing adequate documentation to support a fee request. *Hensley*, 461 U.S. at 433. The district court may reduce the award if the documentation is inadequate. *Id.* Because "block billing makes it more difficult to determine how much time was spent on particular activities," the Court may reduce an award on that basis. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir. 2007). Although the Commissioner did not argue that Plaintiff's request was unreasonable because of block billing, "[t]he court has an independent duty to review the fee request to determine its reasonableness." *Neil v. Comm'r of Soc. Sec. Admin.*, No. 3:10-CV-429, 2011 WL 4406311, at *1 (D. Or. Sept. 21, 2011) *aff'd*, 495 F. App'x 845 (9th Cir. 2012). Thus, when reviewing the Itemization of Services, the Court must determine whether the entries provide sufficient information to determine whether the time expended is reasonable. *See Andreason v. Comm'r of Soc. Sec. Admin.*, No. CV-18-04102, 2020 WL 5544367, at *2 (D. Ariz. Sept. 16, 2020) (finding that block-billed entries were reasonable when the time claimed for the entire entry would be sufficient for one task listed therein).

In *Wright v. Commissioner of Social Security Administration*, a plaintiff's fee request showed that counsel "regularly block billed" and "combin[ed] hours and tasks from multiple days" such that it was impossible for the court to "determine the reasonableness of the time spent completing some tasks." No. CV-19-04508, 2020 WL 6781308, at *2 (D. Ariz. Nov. 18, 2020). The billing entries "describe[d] up to eight-hour blocks of time, lacking guidance as to how much time was spent on each task, and occasionally admitting

that entries include work from multiple days." *Id.* Accordingly, the court held that the plaintiff did not meet her burden to show the reasonableness of these entries.

Here, there are several block-billed entries that require the Court "to speculate as to whether the hours billed were reasonably expended."[3] *Hensley*, 461 U.S. at 438 n.12. For example, on April 20, 2020, Plaintiff's counsel billed 9.0 hours for the following task:

> Reviewed ALJ decision, hearing transcript, selected hearing exhibits (some printed out for notebook), legal research, considerable medical research for edits and additions to brief and glossary, rewrote issues, edits of brief draft, emailed to attys. Fern and Larkin and Mr. Mitchell, cover memo: [redacted]. Time includes prior day not separately entered.

(Doc. 27–2 at 2.) Like the entries in *Wright*, these entries do not provide "guidance as to how much time was spent on each task." *Wright*, 2020 WL 6781308 at *2. And the Court cannot apply the method used in *Andreason* because the at-issue entries each list several different tasks, none of which could alone account for the time billed. *See Andreason*, 2020 WL 5544367 at *2. Thus, Plaintiff has not met her burden for the at-issue entries. The Court will reduce the hours expended by 20%, resulting in a 3.3 hour reduction from the 2020 billing.[4] *See Welch*, 480 F.3d at 948 (authorizing a district court to reduce block-billed hours by up to 30%); *Wright*, 2020 WL 6781308 at *2 (reducing block-billed hours by 20%).

### C. Duplicative Time of Four Lawyers

Courts may reduce a fee award "if the case was overstaffed and hours are duplicated." *Hensley*, 461 U.S. at 433–34. But courts should "defer to the winning lawyer's judgement as to how much time he was required to spend on the case." *Moreno*, 534 F.3d at 1112. Courts have held that multiple attorneys can bill for work on the same case because "legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process." *Maske*, 2020 WL

---

[3] These specific entries are: 4/20/20, 5/25/20, and 6/23/20. (Doc. 27–2 at 3–4.)
[4] The 4/20/20 entry includes 9.0 hours, the 5/25/20 entry includes 1.0 hours, and the 6/23/20 entry includes 6.5 hours. Twenty percent of each entry is: 1.8, 0.2, and 1.3, respectively, adding up to 3.3 hours.

6562343 at *6. Thus, "*necessary* duplication—based on the vicissitudes of the litigation process—cannot be a legitimate basis for a fee reduction. It is only where the lawyer does *unnecessarily* duplicative work that the court may legitimately cut the hours." *Moreno*, 534 F.3d at 1113 (emphasis added). In determining whether unnecessary duplication exists, "courts must exercise judgment and discretion, considering the circumstances of the individual case." *Democratic Party of Wash. State*, 388 F.3d at 1286–87.

"Findings of duplicative work should not become a shortcut for reducing an award without identifying just why the requested fee was excessive and by how much." *Moreno*, 534 F.3d at 1113. "If opposing counsel cannot come up with specific reasons for reducing the fee request that the district court finds persuasive, [the court] should normally grant the award in full, or with no more than a haircut." *Id.* at 1116. Other courts have declined to reduce a fee award if the defendant "provides no persuasive reason why having two or three attorneys" complete the work was unnecessary. *Sunstone Behav. Health, Inc. v. Alameda Cnty. Med. Ctr.*, 646 F. Supp. 2d 1206, 1214 (E.D. Cal. 2009); *Jefferson v. Chase Home Fin.*, No. 06-6510, 2009 WL 2051424, at *4 (N.D. Cal. July 10, 2009) (holding that a defendant did not show that a plaintiff's use of multiple attorneys was unreasonable by merely identifying a "few substantive areas of duplicative effort").

In this case, the Commissioner argues that the duplicated hours in Plaintiff's fee request are unreasonable because Plaintiff has not "presented any basis for why she needed four separate lawyers to pursue this case." (Doc. 28 at 10). Specifically, the Commissioner argues that "2.5 hours of Ms. Fern's time should be deducted to account for duplicative work" because "allowing duplicative work of three lawyers to review the record in this case is more than reasonable and accommodates any 'professional judgment' or inherent duplication." (Doc 28 at 10.) The Commissioner relies on *Stairs v. Astrue* for support. In that case, the district court noted that "the government should not be forced to pay increased fees simply because [the attorney of record] has decided to employ another attorney to actually write the briefs." 1:10CV0132, 2011 WL 2946177, at *2 (E.D. Cal. July 21, 2011); (Doc 28 at 10 (internal quotations omitted)). That court deducted the hours billed for

reviewing a transcript because the attorney did not perform substantive work; she merely signed the briefs drafted by another attorney. *Stairs*, 2011 WL 2946177 at *2. Thus, the court found the attorney's document review unnecessary and therefore not compensable. *Id.*; *Green v. Astrue*, No. 1:10-CV-00935, 2012 WL 1232300, at *2 (E.D. Cal. Apr. 12, 2012) (deducting duplicative billing entries because "[t]he description [did] not indicate that [the attorney] outlined any issues, drafted a memorandum regarding the Commissioner's opposition, or [] performed any task other than reading the document.").

Unlike *Stairs* and *Green*, the duplicative work here was necessary to the litigation, and each duplicate billing entry includes time billed for substantive work. Courts in this district have allowed attorneys to bill for time spent reviewing a file after the case began because "the Ninth Circuit has described such work as 'necessary duplication . . . inherent in the process of litigating over time.'" *Isom v. JDA Software Inc.*, 225 F. Supp. 3d 880, 889 (D. Ariz. 2016) (quoting *Moreno*, 534 F.3d at 1112). Accordingly, the Court is not convinced by the Commissioner's argument and finds the at-issue billings necessary duplication. The Court therefore will not deduct any time for duplicative work.

### D. Litigation of EAJA Fees

Because Plaintiff has ultimately prevailed in this litigation, Plaintiff is entitled to recover fees for time spent litigating her fee request. *Jean*, 496 U.S. at 163 n.10. The Commissioner's contention that "allowing Plaintiff to recover fees for further unnecessary litigation would simply afford Plaintiff's counsel the chance to inflate the total hours and fees billed" is not persuasive. (Doc. 28 at 11.) "Exorbitant, unfounded, or procedurally defective fee applications—like any other improper position that may unreasonably protract proceedings—are matters that the district court can recognize and discount." *Jean*, 496 U.S. at 163. But, contrary to the Commissioner's contention, Plaintiff has demonstrated that the time spent preparing this Motion was reasonable. Plaintiff explained that the two hours were spent "review[ing] the briefs, the EAJA memorandum, this Court's order, and the Commissioner's opposition memorandum, and compos[ing] [the] reply brief." (Doc. 29 at 8.) The Court finds this to be sufficient to determine whether time spent

was reasonable, and will "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno*, 534 F.3d at 1112. The Court will therefore award $415.56 for Plaintiff's time litigating this Motion.[5]

### E. Clerical Tasks

"Clerical or secretarial tasks should not be billed at a paralegal or lawyer's rate." *Isom*, 225 F. Supp. 3d at 889 (citation omitted). Printing is one such clerical task. *Brumley v. Comm'r of Soc. Sec.*, No. 1:10-CV-00253, 2013 WL 100249, at *4 (E.D. Cal. Jan. 7, 2013). On April 16, 2020, Plaintiff's counsel billed 0.5 hours for: "Email from atty. Larken with memo (email) . . . *printed out ALJ decision and hearing transcript*." (Doc. 27–2 at 2 (emphasis added).) Because clerical tasks should not be billed at an attorney's normal hourly rate, the Court will deduct 0.1 hours from the 2020 billing, amounting to $20.78. *See Isom*, 225 F. Supp. 3d at 889.

## IV. CONCLUSION

The Court has reviewed the Attorney Itemization of Services attached to Plaintiff's Motion (Doc. 27–2) and finds that the time expended and amounts charged are reasonable for this case, except those block-billed and clerical entries discussed above. Therefore, the Court grants Plaintiff's Motion (Doc. 26) and awards fees in the amount of $9,358.23.

Accordingly

**IT IS ORDERED granting in part** Plaintiff's Motion for Award of Attorney Fees as Authorized by the EAJA (Doc. 26).

**IT IS FURTHER ORDERED** that Plaintiff is awarded $9,358.23 in attorneys' fees.[6]

**IT IS FINALLY ORDERED** that if the Commissioner determines that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and agrees to waive the requirements of the Anti–Assignment Act (31 U.S.C. § 3727(b)), the fees will be made payable to Plaintiff's counsel. However, if there is a debt owed under the Treasury

---

[5] Two hours at $207.78 per hour is $415.56.
[6] The original request for $9,649.12, plus the $415.56 for time spent litigating this Motion, less $685.67 for block billed entries, less $20.78 for clerical tasks.

1 | Offset Program, the remaining EAJA fees after offset will be paid by check made out to
2 | Plaintiff but delivered to Plaintiff's counsel. *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).
3 |   Dated this 2nd day of July, 2021.

Michael T. Liburdi
United States District Judge